**UNITED STATES of America,**

v.

**Guy T. FISHER, et al., Defendants.**

**UNITED STATES of America**

v.

**Frank JAMES and Wallace Rice, Defendants.**

Nos. 83 Cr. 150(MP), 82 Cr. 723(DBB).

United States District Court, S.D. New York.

June 9, 1983.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y. by Philip LeB. Douglas, Benito Romano, Asst. U.S. Attys., Goldberger, Feldman, Dubin & Weisenfeld, P.C. by Paul Goldberger, J. Jeffrey Weisenfeld, New York City, for defendant James.

Goldberger, Feldman, Dubin & Weisenfeld, P.C. by Jerry Feldman, J. Jeffrey Weisenfeld, New York City, for defendant Rice.

Howard L. Jacobs, P.C., New York City, for Leroy Barnes.

William M. Kunstler, New York City, for defendant Fisher.

1. The government's motion to consolidate *United States v. James and Rice*, 82 Cr. 723(DBB) (S.D.N.Y.) with *United States v. Fisher*, 83 Cr.

## OPINION AND ORDER

MILTON POLLACK, District Judge.

The government, joined by Leroy "Nicky" Barnes, moves to disqualify the law firm of Goldberger, Feldman, Dubin & Weisenfeld, P.C. (the "Goldberger firm") from representing Frank James and Wallace Rice on criminal charges levied against them. The basis of the disqualification motion is that the prior representation of Leroy Barnes by the "Goldberger firm," generally and in previous criminal trials, creates a conflict of interest that, the moving parties argue, precludes continued representation of James and Rice by the "Goldberger firm."

 ▮ The right of a defendant in a criminal case to counsel of his choice is one of constitutional dimension, but it is not absolute; it must be balanced against the interests of the government, the witnesses and the public. This balance, as it applies to the choice by James and Rice of the "Goldberger firm" has been previously addressed as to them by the Second Circuit Court of Appeals in *United States v. James and Rice*, 708 F.2d 40 (2d Cir. 1983).[1] The Second Circuit affirmed Judge Bonsal's order of disqualification and refused to approve an arrangement that would not adequately protect the significant interests that weigh against a defendant's right to choose counsel, under the facts and circumstances.

 ▮ The details of the relationship between the "Goldberger firm," in its various ramifications and Barnes have been set forth extensively by the Second Circuit Court of Appeals, in *James and Rice, supra,* at 41–42, 44, as well as in Judge Bonsal's District Court opinion dated January 9, 1983. In light of the fact that the "Goldberger firm" does not dispute those factual findings in their rebuttal to the government's motion, they need not be listed for a third time. Suffice it to say,

150(MP) (S.D.N.Y.) was granted on May 27, 1983.

Goldberger and Feldman were partners until late 1977 with David Breitbart in the firm known as Goldberger, Feldman & Breitbart. Although Breitbart acted as Barnes' principal attorney, Goldberger and Feldman "aided in the defense of Barnes [in criminal cases involving murder and narcotics charges] on several occasions and that they very likely were privy to confidential communications from Barnes." *Id.* at 44.

Goldberger and Feldman argue that their clients' interests and the competing interests can be adequately protected, without their disqualification, if they restrict their questioning of Barnes to: Barnes' criminal record, prior trial transcripts of Barnes as a witness or a defendant, 3500 material, *Brady* material, real evidence offered by the government in this or prior cases involving Barnes, media reports and agreements between Barnes and the government.

The "Goldberger firm" argues further that the offered restriction of cross-examination is more stringent than that considered by the Second Circuit in *James and Rice, supra,* and that the firm therefore satisfies the mandate of the Second Circuit. The Second Circuit relied on three factors to distinguish its earlier decision in *United States v. Cunningham,* 672 F.2d 1064 (2d Cir.1982), where disqualification was not required. Foremost in *James and Rice,* the Appellate Court cited the fact that Barnes joined in the motion to disqualify. The Court noted that "[t]his circumstance in itself strongly suggests the granting of the disqualification motion." *James and Rice, supra,* at 45. The Court further relied on the fact that the "Goldberger firm's" offer to restrict their questioning to matters learned from "independent sources" was an impractical way to protect Barnes' interests. Finally the Court relied on the fact that the subject matter of the past representation was closely related to that of the *James and Rice* case.

Even if the proposed restriction of cross-examination now put forward by the "Goldberger firm" were to be viewed as more practical and easier to police than the "independent source" restriction, the fact that Barnes joins in the motion, given the close and substantial relationship between the pending action and the prior representation, precludes any result different than that reached heretofore.

When viewed on its own terms, it is clear that the so-called "public record" restriction is not readily distinguishable from the "independent source" restriction that was explicitly rejected on the appeal. Unlike the "public record" in *Cunningham,* which was limited to a recorded client-psychiatrist conversation and a plea allocution, the public record as defined by the "Goldberger firm" includes any rumor published by the media about Barnes' entire life, no matter what the source of the rumor, if any. Under such a limitation there would be no way for the Court to police the cross-examination to insure that confidential communications between Barnes and his former attorneys were not being exploited. Moreover, the inherent, aggressive nature of cross-examination, with follow-up questions that cannot be anticipated in advance, suggests to the Court that all efforts to protect a client's confidences are doomed to fail in a case like this one, where the prior relationship between the witness and his former attorneys was so long and extensive. The repeated trial interruptions that would be necessary to establish the legitimate bases for cross-examination questions would destroy the continuity of a trial and hinder the jury's ability to reach a just verdict.

Under all the facts and circumstances of this case, and in light of the Second Circuit opinion in *United States v. James and Rice, supra,* the offer of the "Goldberger firm" is not sufficient to prevent their disqualification.

Additional client relationships present further conflicts in this case, *United States v. Fisher,* 83 Cr. 150(MP) (S.D.N.Y.), that were not present in *James and Rice, supra.* In the 1977 federal prosecution that resulted in the conviction of Leroy Barnes, Goldberger represented Guy Fisher, a defendant in this case now represented by William Kunstler. Joseph Hayden, an unindicted co-conspirator in this case, was a defendant in the 1977 case and was then represented by Feldman. The government also claims

**1372**

that defendants Batts, Forman and Thomas have been represented by members of the various firms in which Goldberger and Feldman have been partners. The offer of the "Goldberger firm" to restrict its cross-examination of Barnes to the so-called "public record" must be considered also in light of the apparent and potential conflicts outlined above. This myriad of potential conflicts between the current and prior clients of the "Goldberger firm" further support the government's motion, joined by Barnes, seeking disqualification.

In rare cases, the extent of contacts creating a conflict of interest will be so substantial that no alternative short of disqualification can protect the interests that conflict with the defendants' right to choose counsel. For the reasons expressed, this is such a case.

Accordingly, the firm of Goldberger, Feldman, Dubin & Weisenfeld is disqualified from representing Frank James and Wallace Rice in the criminal actions that are the subject of this motion. Said defendants are directed to designate new, independent counsel whose appearances herein shall be filed and served within 30 days; in default thereof, the said defendants shall be deemed to intend to proceed *pro se* herein.

SO ORDERED.