**Joseph HAYDEN, et al., Petitioners-Appellants,**

v.

**UNITED STATES of America, Appellee.**

**Nos. 796, 797, Dockets 86–2277, 86–2292.**

United States Court of Appeals, Second Circuit.

Argued Feb. 3, 1987.

Decided March 27, 1987.

J. Jeffrey Weisenfeld, New York City (Goldberger & Dubin, P.C., New York City, of counsel), for petitioners-appellants.

Richard Stanley, Asst. U.S. Atty., S.D. N.Y. (Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., Kenneth Roth, Asst. U.S. Atty., New York City, of counsel), for appellee.

Before LUMBARD, PIERCE, and ALTIMARI, Circuit Judges.

LUMBARD, Circuit Judge:

Joseph Hayden, Steven Baker, Steven Monsanto, Leon Johnson, Waymin Hines, John Hatcher, and James McCoy appeal from an order entered July 16, 1986, in the Southern District by Judge Whitman Knapp, denying their consolidated habeas corpus petitions under 28 U.S.C. § 2255.[1] These petitions sought to vacate petitioners' convictions for violations of federal narcotics and firearms laws after a two-month trial in 1977 in the Southern District before Judge Henry Werker and an anonymous jury in *United States v. Barnes*, 443 F.Supp. 137 (1977), *aff'd*, 604 F.2d 121 (2d Cir.1979). The indictment, filed September 2, 1977, charged eighteen defendants, including the seven appellants, in thirteen counts with violating various federal narcotics and firearms laws, including conspiracy to violate narcotics laws, 21 U.S.C. §§ 812, 841, 846, engaging in a continuing criminal enterprise, 21 U.S.C. § 848, distribution of heroin and cocaine, 21 U.S.C. §§ 812 and 841, 18 U.S.C. § 2, and firearms

---

1. By order entered March 8, 1985, Judge Knapp consolidated the habeas petitions filed by Hayden, Baker, and Monsanto into a single action and by supplemental order entered April 26, 1985, he consolidated the habeas petitions filed by Johnson, Hines, Hatcher, and McCoy with the other petitions for all purposes.

violations, 18 U.S.C. § 924.[2] Trial began on September 29, 1977. The jury returned verdicts of guilty on December 2, 1977, against eleven defendants, including Barnes and the seven appellants herein, and disagreed as to a verdict on Guy Fisher.[3] Judge Werker sentenced Barnes to life imprisonment, and all petitioners except Hayden and McCoy to thirty years' imprisonment and three years' parole. Hayden received a fifteen year prison term and life parole, and McCoy received a twenty year prison term and three years' parole. Judge Werker also assessed fines against Barnes and all petitioners except McCoy. All of the convicted defendants are currently serving their sentences. Fisher was never retried on the 1977 charges.

In 1983, however, Fisher and seven others were charged in the Southern District with various violations of federal narcotics, firearms and racketeering laws committed over an eleven-year period, in *United States v. Fisher*, 563 F.Supp. 1369 (1983). Barnes, who was convicted in the 1977 trial, cooperated with the government and testified as a government witness at the 1983 trial before Judge Pollack and an anonymous jury. Following a six-week trial, the jury returned guilty verdicts against all eight defendants.

In support of its motion for an anonymous jury in the *Fisher* case, in August and September, 1983, the government disclosed statements allegedly made by Fisher to Barnes and to a confidential informant that a juror in the 1977 *Barnes* trial had been paid a $25,000 bribe to obtain a hung jury on Fisher's behalf.

On November 28, 1984, Barnes' co-defendants Hayden, Baker, and Monsanto, later joined by co-defendants Johnson, Hines, Hatcher, and McCoy, filed the instant habeas corpus petitions under 28 U.S.C. § 2255 seeking to vacate their 1977 convictions on the ground of jury tampering. Each petitioner predicated his claim on the government's disclosure of Fisher's reported statements to Barnes and the informant. Judge Knapp allowed joint discovery by the government and appellants to explore these allegations further, and depositions of four individuals, whom appellants asserted might have pertinent information, were taken. Appellants then sought a full evidentiary hearing as to whether or not bribery in fact occurred, and the government moved to dismiss the habeas corpus petitions. Judge Knapp determined that appellants had not made a factual showing sufficient to require a full evidentiary hearing, and on July 15, 1986 denied the motion and granted the government's motion to dismiss the consolidated petitions.

Appellants claim that they made a factual showing sufficient to require a full evidentiary hearing on the issue of jury tampering and that the district court erred in denying them such a hearing.

We find no error and, accordingly, affirm the dismissal of the habeas corpus petitions.

As stated above, each habeas corpus petition at bar is based on the government's disclosure of alleged jury tampering in support of its motion for an anonymous jury for the trial of Fisher and others which began in September 1983. That motion, filed on August 17, 1983, asserted five grounds for an anonymous jury: (1) the violent nature of the offenses charged in the indictment, which included the commission of a number of homicides as part of a pattern of racketeering activity; (2) reliable information from confidential sources that the *Fisher* defendants had agreed to pay one million dollars to have Leroy Barnes murdered, and that a contract to murder Barnes' two young daughters existed; (3) implied threats made against the prosecutors, agents, and police officers involved in the case by at least two defendants, Frank James and Guy Fisher; (4) the expectation that the *Fisher* trial would receive wide-

---

**2.** The trial started with eighteen defendants. Two defendants were fugitives. A third defendant was severed prior to trial. *Nolle prosequis* dismissing all charges against these three defendants were subsequently filed.

**3.** The jury acquitted two defendants. Charges against the final defendant on trial were dismissed at the close of the government's case.

spread media attention; and (5) the lengthy prison sentences that several of the Fisher defendants would face if convicted.

In addition, on August 26, 1983, at oral argument on its motion, the government stated that it had learned that defendant Guy Fisher had allegedly attempted to approach a juror in the 1977 *Barnes* trial with a corrupt proposition. On September 1, 1983, the government submitted a supplemental affidavit by Assistant United States Attorney Douglas in further support of its disclosure on August 26 which set forth additional information obtained from Leroy Barnes and the confidential informant regarding Fisher's alleged claim that he had bribed a juror in the 1977 trial. Barnes had informed government counsel that Fisher had told him in 1977, during the trial of Barnes, Fisher and thirteen others, that one of Fisher's associates who was attending the trial as a spectator had recognized one of the jurors. Fisher subsequently told Barnes that he planned to approach that juror.

The Douglas affidavit also stated that the government's confidential informant had confirmed Barnes' statement that one of Fisher's associates had recognized a juror in the 1977 trial. In addition, the informant stated that Fisher told him that the juror was paid $25,000 for obtaining a hung jury for Fisher; that after the *Barnes* jury was discharged in December, 1977, the juror in question disappeared from New York; and, to the best of his knowledge, that juror was neither seen nor heard from again.

Before responding to appellants' habeas corpus petitions, filed in November, 1984, counsel for the government again discussed the alleged jury tampering with the informant. The informant stated that during the *Barnes* jury selection a female spectator, known to Baker, Monsanto and, to a lesser extent, Fisher, told him that she recognized a black female seated in the jury box as a prospective juror. The informant stated that sometime later a meeting was held in or near the courthouse at which Baker, Monsanto, Fisher, Hayden, and other defendants were present. During this meeting, the defendants discussed a plan to raise $25,000 to be paid to a relative of the prospective juror, and decided who among the defendants would contribute to the bribe, and who would benefit from it. The informant reported that the black female was selected as a *Barnes* juror, and it was learned during the *voir dire* examination that she was employed in a hospital. The government reviewed the *Barnes voir dire* transcript and found that juror # 49, who was ultimately selected as juror # 2, was a black female then employed at a hospital.

The habeas corpus petitions filed by appellants in November, 1984 were based solely on the statements reportedly made by Fisher to Barnes and to the informant, which the government had disclosed on its motion for an anonymous jury in the *Fisher* trial. The government argued that appellants had not made a factual showing sufficient to warrant an evidentiary hearing. However, Judge Knapp permitted depositions to be taken of four persons: Guy Fisher and three women whom appellants identified as having information about the alleged bribe.

Fisher denied having anything to do with offering a bribe to any juror or prospective juror, denied any knowledge that anyone else offered such a bribe, and denied discussing such a bribe with his co-defendants.

Patricia Pender, an acquaintance of both Fisher and appellant Baker, testified that she attended the *Barnes* trial on one occasion and recognized one of the jurors as "Randy", a doorman in her building. She informed only Baker of this, who told her it would be better not to mention the matter to anyone. Pender also testified that a person named Ingrid Weeks told her that Weeks knew someone who knew a *Barnes* juror.

Ingrid Weeks testified that she never attended the *Barnes* trial, that she did not know anyone serving on the *Barnes* jury, and that she never discussed the *Barnes* jury with anyone.

Finally, Ingrid Weeks' friend, Dorothy Winchester, testified that she neither attended the *Barnes* trial nor told anyone

that she had a friend on the *Barnes* jury. She did state that she knew two co-workers who may have had some kind of jury duty during the relevant time period.

■■■ A petition for habeas corpus requires a hearing to resolve disputed issues of fact unless the record shows that the petitioner is not entitled to relief. 28 U.S.C. § 2255. We have consistently held that the standard to be used in making this determination is whether, "if the evidence should be offered at a hearing, it would be admissible proof entitling the petitioner to relief. Mere generalities or hearsay statements will not normally entitle the applicant to a hearing, since such hearsay would be inadmissible at the hearing itself. The petitioner must set forth specific facts which he is in a position to establish by competent evidence." *Dalli v. United States,* 491 F.2d 758, 760–61 (2d Cir.1974) (citations omitted). *See also United States v. Franzese,* 525 F.2d 27, 31 (2d Cir.1975), *cert. denied,* 424 U.S. 921, 96 S.Ct. 1128, 47 L.Ed.2d 328 (1976); *D'Ercole v. United States,* 361 F.2d 211, 212 (2d Cir.) (per curiam), *cert. denied,* 385 U.S. 995, 87 S.Ct. 610, 17 L.Ed.2d 454 (1966).

We find that the evidence presented was not sufficient to warrant a full evidentiary hearing on the issue of jury tampering.

■■■ Appellants based their petitions on the ground that the *Barnes* jury was influenced as to appellants' convictions by bribery. The only evidence of attempted bribery presented by appellants consists of statements by Barnes and a confidential informant of what they were told by Fisher. Barnes' statements asserted only that Fisher intended to approach a juror in the Barnes trial. All the testimony that a bribe occurred, that a juror was approached, that she was offered money, and that money was accepted, is contained in the statements of a confidential informant and is hearsay. None of the hearsay was confirmed by any of the witnesses who were deposed. The hearsay testimony is insufficient to raise an issue of fact as to whether jurors were influenced regarding the appel-lants' convictions. The depositions of the witnesses who were alleged to have knowledge or information about the alleged bribery failed to disclose any evidence to support the claim of bribery or attempted bribery. The testimony of these witnesses was not sufficient to require Judge Knapp to conduct an evidentiary hearing under § 2255 and the standard elucidated by us in *Dalli.* A standard that would entitle a petitioner, based solely on hearsay information about an alleged bribe, to a full evidentiary hearing as to whether jurors may have been corruptly influenced would too easily lend itself to abuse, because such hearsay is too easily manufactured.

The hearsay information that is the basis of these petitions should not be granted any greater weight because it was brought forward by the government in this case. Interrogating jurors about their deliberations is too serious a matter to justify on the basis of such minimal evidence. The corruption, if any there was, at most could have affected only Fisher and not any of the appellants. Even were there reason to believe that corruption of a juror at the 1977 trial had prevented the jury from convicting Fisher, it hardly follows that the jury had been convinced thereby to convict the appellants who otherwise would not have been convicted.[4]

Neither is it significant that the government used this information to obtain an anonymous jury in *Fisher.* It seems clear that the hearsay information about Fisher's claims was only one of a number of considerations which persuaded the district court to order an anonymous jury in the Fisher trial. In recent years many trials involving multiple-defendants indicted on racketeering and narcotics charges have been tried to anonymous juries.

We agree with Judge Knapp's denial of a hearing and his dismissal of the petitions.

Affirmed.

---

**4.** The cases cited by appellants are totally inapposite to the facts of this case, because direct, admissible evidence to warrant a hearing existed in all of them, unlike the case at bar.