99 F.3d 401
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Plaintiff-Appellee,
v.
George A. ANDERSON, Defendant-Appellant.
 No. 94-2689.
 United States Court of Appeals, Second Circuit.
 Dec. 13, 1995.
 
 FOR APPELLANT: Michael J. Tallon, Rochester, NY.
 FOR APPELLEE: Bradley E. Tyler, Assistant United States Attorney for the Western District of New York, Rochester, NY.
 W.D.N.Y.
 AFFIRMED.
 Present: OAKES, McLAUGHLIN, and LEVAL, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Western District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 3
 George Anderson failed to report income from the sale of used cars on his 1985, 1986 and 1987 federal income tax returns. He was charged with three counts of filing false returns, in violation of 26 U.S.C. § 7206(1). Anderson's principal defense was that the income derived from the sale of cars properly belonged to a business partnership consisting of Anderson and Gary Diamond. He further contended that Diamond was responsible for filing partnership tax returns and notifying Anderson of his proportionate share of the profits. After a jury trial in the United States District Court for the Western District of New York (David G. Larimer, Judge ), Anderson was convicted of all three counts, and sentenced to one year and one day's imprisonment on each count, to run concurrently.
 
 
 4
 Anderson appealed his conviction and sentence, and we affirmed by summary order. United States v. Anderson, No. 93-1373 (2d Cir. Dec. 3, 1993). Anderson filed a petition pursuant to 28 U.S.C. § 2255, claiming that his trial and appellate counsel were ineffective, and that the sentencing guidelines were misapplied. He then supplemented that petition with a claim of newly discovered evidence. The district court dismissed his petition. Anderson appeals, arguing that: (1) the jury instruction was flawed because its wording differed from the indictment; (2) the Internal Revenue Service failed to investigate the matter adequately before bringing charges; (3) the district court did not give his § 2255 petition fair review; and (4) he received ineffective assistance of counsel at trial and sentencing.
 
 
 5
 Anderson's first two arguments are meritless. There is no requirement that the jury charge repeat the language of the indictment word for word. And, Anderson's argument that the IRS failed to investigate the matter properly is wholly without support.
 
 
 6
 Anderson's third argument fares no better. The district court gave Anderson's petition due consideration. Although the district court did not hold an evidentiary hearing, a hearing is not necessary if the "record shows that the petitioner is not entitled to relief." Hayden v. United States, 814 F.2d 888, 892 (2d Cir.1987). The "evidence" presented by Anderson was insufficient to warrant such a hearing.
 
 
 7
 Finally, Anderson's claims of ineffective assistance of counsel do not persuade us. Anderson was represented by one attorney at trial, but by another at sentencing (and on direct appeal); he challenges the effectiveness of both. To the extent that Anderson challenges the effectiveness of his counsel at trial, his claim is procedurally barred, as he did not raise it on direct appeal. Billy-Eko v. United States, 8 F.3d 111, 115 (2d Cir.1993) (claims of ineffective assistance of counsel are procedurally barred where petitioner is represented by new counsel on appeal, and claim is based on record developed at trial). As to the ineffectiveness of counsel at sentencing (and, implicitly, on appeal), Anderson provides only baseless proclamations. He clearly does not meet his burden of showing that his attorney's representation fell below an objective standard of reasonableness, and that, but for this deficiency, the outcome would have been different. See United States v. Hurtado, 47 F.3d 577, 583 (2d Cir.1995); see also Strickland v. Washington, 466 U.S. 668, 687-88, 691, 696 (1984).
 
 
 8
 We have considered all of the remaining arguments raised by Anderson, and find them to be without merit.
 
 
 9
 Accordingly, the decision of the district court is AFFIRMED.