**Manuel UZIEL, Petitioner-Appellant,**

v.

**J.T. HADDEN, Warden, Federal Correctional Institution, Ray Brook, New York, and the United States Parole Commission, Respondents-Appellees.**

**No. 166, Docket 84–2385.**

United States Court of Appeals, Second Circuit.

Argued Oct. 31, 1985.

Decided Dec. 10, 1985.

Bennett M. Epstein, New York City, for petitioner-appellant.

George A. Yanchis, Asst. U.S. Atty., N.D.N.Y., Albany, N.Y. (Frederick J. Scullin, Jr., U.S. Atty., N.D.N.Y., Albany, N.Y., of counsel), for respondents-appellees.

Before Mansfield, Meskill and Cardamone, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the United States District Court for the Northern District of New York, Munson, *C.J.,* dated October 30, 1984 dismissing Uziel's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1982) challenging the validity of the decision of the United States Parole Commission.

The judgment of the district court is reversed.

Uziel's petition was filed on May 31, 1984. Upon a review of Uziel's case after being served with this petition, the Regional Counsel of the United States Parole Commission discovered that an error had been made in the assessment of Uziel's Salient Factor Score. Br. of Appellant at App. C, ¶ 8. *See also* 28 C.F.R. §§ 2.20, 2.28(a) (1985). Regional Counsel recommended that the Regional Commissioner reopen Uziel's case and assign it for a special record review. On July 26, 1984 the

 

Regional Commissioner agreed with the recommendation and on August 2, 1984 Uziel was advised that his case had been reopened and that a special record review would be conducted to correct a procedural error in the assessment of his Salient Factor Score. Br. of Appellant at App. C, ¶ 8. The magistrate to whom the petition for the writ was assigned recommended that the petition be denied and dismissed because of the reopening of Uziel's case and because Uziel would have a right to file administrative appeals from any new decision. The magistrate noted that petitioner's parole eligibility date would not be before August 20, 1986 and thus petitioner would not be prejudiced by the reopening, review and possible administrative appeal process.

The district judge accepted the magistrate's recommendation and dismissed the petition, apparently agreeing with the Commission that petitioner had unexhausted administrative remedies available to him. Br. of Appellant at App. G. The district judge never ruled on the merits of petitioner's claim that (1) the Commission had violated his *ex post facto* rights, and (2) the Commission had improperly applied its guidelines, particularly as to Offense Behavior Severity. 22 C.F.R. § 2.20. Petitioner urges us to reach the merits, claiming that further proceedings by the Parole Commission will not address the merits of the claims in his complaint. We decline to reach the merits where the court below has yet to do so. *Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976); *Hormel v. Helvering,* 312 U.S. 552, 556, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941). *See First National Bank v. Pepper,* 454 F.2d 626, 636 (2d Cir.1972).

Because the unexhausted administrative remedies came into being after Uziel's petition for a writ of habeas corpus had been served on respondents, the district court should not have dismissed the petition. *See Albano v. Anderson,* 472 F.Supp. 931, 934 (M.D.Pa.1979) ("The exhaustion requirement applies only where there are administrative remedies still open to the habeas corpus applicant at the time he institutes his action in the federal courts...."). *Cf. Humphrey v. Cady,* 405 U.S. 504, 516, 92 S.Ct. 1048, 1055, 31 L.Ed.2d 394 (1972) (state prisoner only required to exhaust "those state remedies still open to [the prisoner] at the time he files his application in federal court"). It should rather have held the petition in abeyance pending an exhaustion of these new administrative remedies, at which time the court presumably would address the merits of the petition or any amended petition that might be filed. *Cf. United States v. Addonizio,* 442 U.S. 178, 188–90, 99 S.Ct. 2235, 2242–43, 60 L.Ed.2d 805 (1979) (in a case involving direct attack on Parole Commission decision, Court declared policy of deferring to Commission's computation of parole date).

The judgment of the district court is reversed and the matter is remanded to the district court for further proceedings consistent with this opinion.