## SCOTTISH AIR INTERNATIONAL, INC. and Murray Vidockler, Plaintiff–Appellant,

v.

## BRITISH CALEDONIAN GROUP, PLC, and Adam Thomson, Dennis H. Walter and R. Marshall Gibson, Defendants–Appellees.

### No. 160, Docket 88–7402.

United States Court of Appeals, Second Circuit.

Argued Sept. 19, 1988.

Decided Oct. 31, 1988.

Karl Savyrn, New York City (Peter J. Venaglia, Dornbush, Mensch, Mandelstam and Silverman, New York City, Robert M. Beckman, Beckman & Kirstein, Washington, D.C., co-counsel) for plaintiff-appellant.

Laventhall & Zicklin, New York City, for defendants-appellees.

Before PIERCE and WINTER, Circuit Judges, and STEWART, District Judge.*

STEWART, District Judge:

Plaintiffs-appellants Scottish Air International, Inc. ("SAI") and Murray Vidockler (collectively "plaintiffs") brought this diversity action against defendants-appellees British Caledonian Group, P.L.C. ("BCG") and three of BCG's directors, Adam Thomson, Dennis H. Walter and R. Marshall Gibson (collectively "defendants"). Plaintiffs sought an injunction directing defendants to comply with an order of the United States District Court for the Southern District of New York dated May 25, 1966 and certain other agreements between the parties, a declaration that defendants were in contempt of the 1966 court order, and money damages for breach of contract. The district court dismissed the action on the ground of *forum non conveniens*, focusing entirely on plaintiffs' claim for affirmative injunctive relief, which had been rendered moot by actions taken by defendants prior to the district court's decision. Plaintiffs appeal from the district court's order.

* Honorable Charles E. Stewart, Jr., Senior District Judge, Southern District of New York, sitting by designation.

Because the district court did not consider plaintiffs' remaining claims for damages and contempt, we reverse and remand.

## BACKGROUND

BCG was incorporated in Scotland in 1960 and has maintained its only business office in Great Britain. In 1961, BCG, through its operating company Caledonian Airways (Prestwick) Ltd. ("CAP"),[1] sought to initiate airline operations in Britain with service to the United States, and needed capital to do so. A large portion of this needed capital was obtained from SAI, a New York corporation, and Vidockler, a New York citizen. As a result of its investment, SAI became the sole United States shareholder of CAP.

In July 1965, SAI initiated a shareholder derivative suit against CAP and several members of CAP's board of directors, alleging improper use of corporate funds and improper issuance of shares. *Scottish Air International, Inc. v. Thomson*, 65 Civ. 1782 (S.D.N.Y. filed July 7, 1965). In January 1966, the parties entered into a settlement agreement. This agreement, which was approved and so ordered by Judge Dudley Bonsal of the United States District Court for the Southern District of New York, was signed by SAI, CAP, and BCG, as well as by the individual defendants in the present action, who were directors of both CAP and BCG. A key element of the settlement agreement was a provision requiring CAP to appoint an individual nominated by SAI to CAP's board of directors.[2] By subsequent agreement, SAI was allegedly given a similar right of representation on BCG's board of directors. Vidockler was the representative designated by SAI for this purpose, and was, in fact, consistently elected to the boards of directors of both CAP and BCG between 1966 and 1985.

In November 1984, defendants notified Vidockler that he would be removed from BCG's board and that no other representatives of SAI would be nominated. As a result of a number of steps taken by defendants, Vidockler was voted off the board at the 1985 meeting of BCG shareholders. SAI and Vidockler brought the present diversity action, seeking relief in the form of a declaration that defendants had breached the 1966 settlement agreement and other agreements between the parties, a declaration that defendants were in contempt of the 1966 court order approving the settlement agreement, and damages.

Defendants moved to dismiss the complaint, alleging (1) that the court below lacked personal jurisdiction over defendants, (2) that plaintiffs failed to join all shareholders of defendant corporation who were necessary to effect the election of Vidockler to the board of directors, (3) that ordering the election of Vidockler to the board would constitute interference with the internal operations of a foreign corporation, and (4) that the court should in any event decline jurisdiction under the doctrine of *forum non conveniens*.

Before this motion was decided, defendants sold BCG to British Airways under a contract requiring plaintiffs to relinquish their shares in BCG. By letter dated April 8, 1988, plaintiffs informed the district court that as a result of the sale, BCG had essentially ceased to exist, rendering moot plaintiffs' prayer for an injunction ordering the reinstatement of Vidockler to BCG's board of directors. On April 15, 1988, the district court issued an order dismissing plaintiffs' action on the ground of *forum non conveniens*, contingent on defendants'

---

1. CAP, also a Scottish corporation, was formed at the same time as BCG, then known as Airways Interests (Thomson) Ltd. BCG was CAP's majority shareholder and all of BCG's directors were also directors of CAP.

2. This provision, contained in ¶ 3 of the settlement agreement, reads as follows:

3. So long as SAI shall own stock in [CAP], [CAP] agrees to appoint an individual nominated by SAI and acceptable to [CAP] to serve as one of its Executive Directors.
Joint App. at 6.

agreement to continue the litigation in the United Kingdom. Whereupon, defendants filed and served such agreement. Joint App. at 178–80.

## DISCUSSION

Plaintiffs contend that, in dismissing their complaint, the district court focused entirely on their prayer for affirmative injunctive relief, and completely ignored their claims for money damages and a finding of contempt of Judge Bonsal's 1966 order. Defendants argue that reversal is not warranted because plaintiffs' claim for money damages was never asserted in the proceedings below and their claim for contempt was implicitly considered and rejected by the district court.

It is clear from the April 15, 1988 Order that the district court limited its consideration to plaintiffs' claim for injunctive relief. In the very first paragraph of the order, the court observed that "the instant action essentially seeks a decree ordering defendant British Caledonian Group to seat plaintiff as a permanent member of its board of directors." Joint App. at 65. The "Whereas" paragraphs that follow further demonstrate that the court below only considered the equitable relief sought by plaintiffs. For example, the court observed that "there is little local interest in having a United States court sitting in New York resolve a question of who has the right to sit on the board of a Scottish corporation which conducts its board meetings in Great Britain." *Id.* Moreover, the court found that it was incapable of granting meaningful relief because "the power to appoint directors for more than an interim period rests with the shareholders of defendant corporation," a majority of whom were outside the court's jurisdiction. *Id.* at 65–66. Thus, in dismissing plaintiffs' complaint on the basis of *forum non conveniens*, the court focused exclusively on plaintiffs' prayer for an injunction reinstating Vidockler to BCG's board of directors. As plaintiffs' point out, however, their claim for injunctive relief had already been rendered

moot by the sale of BCG to British Airways and their consequent disenfranchisement as BCG shareholders.

We agree with plaintiffs that the district court erroneously failed to consider their remaining claims for breach of contract and for a finding of contempt of the 1966 order. With regard to the breach of contract claim, Count I of the First Amended Complaint specifically sets forth plaintiffs' allegation that defendants' actions in ousting Vidockler from BCG's board of directors constituted a breach of the 1966 settlement agreement and related agreements between the parties. Joint App. at 56–60. Count III avers that these actions also derogated Vidockler's rights as third-party beneficiary of these same agreements. *Id.* at 61. In their "Prayer for Relief," plaintiffs request a judgment that "defendants are in breach of the 1966 Settlement Agreement and other agreements between the parties," and seek an award of "such damages as they shall prove at trial." *Id.* at 62. Viewing the complaint in its entirety, we find that plaintiffs have adequately set forth a claim for damages based on breach of contract. *See* Fed.R. Civ.P. 8(a); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1219 (1969 & Supp.1987); *Newman v. Silver,* 713 F.2d 14, 15 n. 1 (2d Cir.1983) (citing *Gins v. Mauser Plumbing Supply Co.,* 148 F.2d 974, 976 (2d Cir.1945)). Plaintiffs contend that defendants' wrongful removal of Vidockler from BCG's board of directors deprived them of substantial benefits received by defendants upon the sale of BCG to British Airways. Brief for Plaintiffs–Appellants at 9–10. Inasmuch as plaintiffs are entitled to such relief as is alleged in their pleadings and ultimately justified by their proof, *see* Fed.R.Civ.P. 54(c); 5 C. Wright & A. Miller & M. Kane, Federal Practice and Procedure § 2662 (1983), the court below erred in dismissing plaintiffs' complaint without so much as considering plaintiffs' damages claim.

As to plaintiffs' contempt claim, defendants argue that a fair reading of the order

below leads to the conclusion that the court considered and rejected this claim for the simple reason that the 1966 order approving the settlement agreement between SAI and CAP did not give plaintiffs any right to a seat on BCG's board of directors. We disagree. As noted above, the district court addressed only those factors relevant to its conclusion that a federal court sitting in New York was an inconvenient forum to adjudicate plaintiffs' prayer for injunctive relief against a foreign corporation. It made no findings regarding plaintiffs' claim that defendants had acted in contempt of the 1966 order. We thus find no basis for defendants' assertion that this claim was implicitly considered, let alone rejected *sub silentio*, by the court below. Even if, as defendants insist, plaintiffs' contempt claim is without merit, such a determination should be made by the district court in the first instance. This court does not reach the merits where the court below has yet to do so. *Uziel v. Hadden*, 779 F.2d 4, 5 (2d Cir.1985) (per curiam) (citing *Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976); *Hormel v. Helvering*, 312 U.S. 552, 556, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941)); *see British Airways Board v. Port Authority of New York*, 558 F.2d 75, 82 (2d Cir.1977).

## CONCLUSION

For the above reasons, the judgment is reversed and the case is remanded to the district court for consideration of plaintiffs' damages and contempt claims.