**SCOTTISH AIR INTERNATIONAL, INCORPORATED; Murray Vidockler, Plaintiffs–Appellants,**

v.

**BRITISH CALEDONIAN GROUP, PLC; Adam Thomson; Dennis H. Walter; R. Marshall Gibson, Defendants–Appellees.**

No. 1375, Docket 91–7015.

United States Court of Appeals, Second Circuit.

Argued May 15, 1991.

Decided Sept. 23, 1991.

Robert M. Beckman, Washington, D.C. (David M. Kirstein, Beckman & Kirstein, Washington, D.C., Charles A. Stillman, Stillman, Friedman & Shaw, P.C., New York City, of counsel), for plaintiffs-appellants.

Robert Zicklin, New York City (Laventhall & Zicklin, of counsel), for defendants-appellees.

Before CARDAMONE, PIERCE and FRIEDMAN,* Circuit Judges.

---

* The Honorable Daniel M. Friedman, United States Circuit Judge, United States Court of Appeals for the Federal Circuit, sitting by designation.

PER CURIAM:

Plaintiffs-appellants Scottish Air International, Inc. ("SAI"), a New York corporation, and Murray Vidockler, its majority stockholder, (collectively "plaintiffs") appeal from a judgment entered in the United States District Court for the Southern District of New York (David N. Edelstein, Judge), dismissing their diversity suit against defendants-appellees British Caledonian Group, PLC, ("BCG"), Adam Thomson, Dennis H. Walter and R. Marshall Gibson (collectively "defendants").

The relevant background concerning this appeal is discussed in prior published opinions, *see Scottish Air Int'l v. British Caledonian Group, PLC*, 860 F.2d 57 (2d Cir. 1988), *on remand*, 751 F.Supp. 1129 (S.D.N.Y.1990); familiarity with those opinions is presumed. Here, we recite only so much as is relevant to the determination of this appeal.

In 1961, SAI provided investment capital to Caledonian Airways (Prestwick) Ltd. ("CAP"), which is now known as Cal Air International Ltd., and became the sole United States shareholder of CAP. In 1965, SAI filed a shareholders' derivative suit, in the Southern District of New York, against CAP and the individual defendants in this suit, who then were directors of both CAP and BCG. In 1966, a settlement agreement was approved by Judge Dudley Bonsal and the suit was dismissed. The settlement agreement provided, *inter alia*, that CAP would appoint an individual nominated by SAI to CAP's board. Vidockler was the individual designated by SAI to serve on CAP's board. Between 1966 and 1985, Vidockler was consistently elected to the board of directors of both CAP and BCG.

In 1985, Vidockler was not re-elected to the board of BCG by its shareholders. SAI and Vidockler then brought this diversity suit in the Southern District of New York. In their complaint, SAI and Vidockler alleged that SAI had a right to place Vidock-

ler or another SAI representative on the BCG board. According to the plaintiffs, this right stemmed from the 1966 settlement agreement and other later agreements between the parties. The suit sought, *inter alia*, 1) a declaration that the defendants were in contempt of Judge Bonsal's 1966 court order, which approved the settlement agreement therein, and 2) money damages for breach of contract.

On April 15, 1988, the district court acting on the defendants' motion, dismissed the suit on grounds of *forum non conveniens*, subject to the defendants' agreement to continue the litigation in the United Kingdom. On October 31, 1988, we reversed the district court's judgment and remanded for consideration of SAI's and Vidockler's contempt and damages claims. *Scottish Air Int'l*, 860 F.2d at 60. Following the remand, plaintiffs moved to add British Airways ("BA") as a necessary party and to amend and supplement their complaint to state claims against BA.

In an amended opinion dated December 4, 1990, the district court denied plaintiffs' motions; it dismissed the plaintiffs' contempt claim pursuant to its own summary determination in favor of the defendants; and it dismissed the remaining claims in the complaint under the doctrine of *forum non conveniens* subject to defendants' agreement to continue the litigation in the United Kingdom. *Scottish Air Int'l*, 751 F.Supp. at 1136. This appeal followed.

SAI and Vidockler principally contend: 1) that the district court erred in granting *sua sponte* summary judgment on their contempt claim; 2) that the court abused its discretion in dismissing their suit on the basis of *forum non conveniens;* and 3) that their motion to add BA as a necessary party should have been granted. We believe that summary judgment was improperly entered, therefore, we reverse and remand on that basis.

In reply to the district court's request for submissions stating the parties' respective positions in light of the October 1988 re-

mand, the defendants moved to dismiss the contempt claim as frivolous. However, the defendants did not move for summary judgment and the plaintiffs were not provided with notice and an opportunity to oppose the entry of summary judgment. Nevertheless, the district court dismissed plaintiffs' complaint, discussing Fed. R.Civ.P. 56, *sua sponte.* The district court's application of summary judgment contravened our established policy of adhering to the ten day notice specified in Fed.R.Civ.P. 56(c). *See Gutwein v. Roche Lab.*, 739 F.2d 93, 95 (2d Cir.1984). There is no claim that this is one of the "extraordinary cases in which the ten day notice is impractical, and it is absolutely clear that the non-moving party suffered no prejudice from a shortening of the period." *Id.*

In light of the district court's disposition herein via its summary judgment analysis, the failure to provide notice to the plaintiffs, and there being no suggestion in the record on appeal that the plaintiffs had adequate notice of the possibility of the entry of summary judgment, *see National Ass'n of Pharmaceutical Mfrs. v. Ayerst Lab.*, 850 F.2d 904, 910–12 (2d Cir.1988), we reverse the judgment of the district court and remand for further proceedings.

Regardless of our views on the district court's application of the *forum non conveniens* factors or the court's determination that BA was not a necessary party, we decline to address these issues at this time in light of our remand.

Accordingly, the district court judgment is reversed and the matter is remanded for further proceedings consistent with this opinion.