Mila B. TOBIN, Appellant,

v.

JOHN GROTTA COMPANY, et al., Appellees.

No. 04–CV–384.

District of Columbia Court of Appeals.

Argued Sept. 29, 2005.

Decided Nov. 3, 2005.

---

Bernard R. Corbett for appellant.

Ian D. Volner, with whom Connie N. Bertram was on the brief, for appellees.

Before SCHWELB and FARRELL, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

Appellant, Mila Tobin, filed a civil complaint, containing multiple counts, against appellees John Grotta and the John Grotta Company in Superior Court. Appellees moved, unsuccessfully, for summary judgment on all counts except for assault and battery. Upon appellees' request to reconsider the initial order as to the defamation count of the complaint, the trial judge, upon review, granted summary relief as to all counts. Appellant appeals from the denial of her timely motion to reconsider on the basis that she was not given fair notice and opportunity to produce evidence regarding the scope of the court's order. We affirm in part, and reverse in part.

## I. Procedural History

In January 2001, appellant began working as a personal assistant to appellee John Grotta and office manager in the John Grotta Company, Inc., also an appellee. A year and a half later, the company terminated her employment, citing dissatisfaction with her work. Appellant filed a complaint in the Superior Court, alleging that both appellees violated the Equal Pay Act (29 U.S.C. § 206(d) *et seq.*), and the District of Columbia Human Rights Act (DCHRA) (D.C.Code § 1–2501 *et seq.*), by paying her a salary lower than her male predecessor. She also alleged that appellee John Grotta created a hostile work environment in violation of DCHRA by making sexually derogatory remarks to her in the workplace, and that he assaulted her by touching her in sexually suggestive ways without her consent. Finally, appellant alleged that Grotta defamed her via statements regarding her intelligence, age, efficiency, sexual behavior, and physical appearance in the presence of other co-workers. After the close of discovery, appellees moved for summary judgment on all of appellant's claims, except for the assault and battery count. Although appellant filed a pleading objecting to the motion on procedural grounds,[1] she did not file an opposition to appellees' motion asserting that there existed disputed issues of material fact, nor did she raise any substantive arguments in response to the motion.

The trial judge initially denied the motion for summary judgment, reasoning that there were triable issues of fact on all counts. Appellees then filed a motion for reconsideration, but only on the defamation claim; the motion made no mention of the complaint's remaining counts. Upon consideration of the pleadings of both parties, the trial judge granted the motion for reconsideration as to the defamation claim because "[appellant] failed to refute [appellees'] contention that ... the alleged defamatory statements were not published to a third party." Significantly, the order granted summary judgment in favor of appellees on all of appellant's remaining claims as well. The judge reasoned that appellant, in opposition to the request for summary disposition of the case, had failed to raise genuine issues of material fact and had "presented no new legal or factual grounds."

Appellant filed a timely motion for reconsideration (effectively a motion under Rule 59(e)), asserting that because appellees had only sought reconsideration of the trial judge's ruling on the defamation count, she was unaware that all of the counts in the complaint were—at that juncture—under consideration for summary dismissal. Upon denial of the motion, this appeal followed.

## II. Standard of Review

 We review orders granting summary judgment *de novo. See Joyner v. Sibley Mem'l Hosp.*, 826 A.2d 362, 368 (D.C.2003). A motion for summary judgment should be granted whenever the court concludes that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See Woodland v. District Council 20*, 777 A.2d 795, 798 (D.C.2001) (citing *Musa v. Continental Ins. Co.*, 644 A.2d 999, 1001–02 (D.C.1994)). Though we view the evidence in the light most favor-

1. Appellant argued, *inter alia,* that appellees failed to timely serve their motion for summary judgment upon her in accordance with Super. Ct. Civ. R. 5(d), and failed to file in conjunction with their motion for summary judgment a statement of material facts as to which there is no genuine issue pursuant to Super. Ct. Civ. R. 12–I(k). Appellees soon remedied the latter omission by filing the required statement.

able to the non-moving party, mere conclusory allegations by the non-moving party are legally insufficient to preclude entry of summary judgment. *See Joeckel v. Disabled Am. Veterans,* 793 A.2d 1279, 1281 (D.C.2002). "Thus, a party opposing a motion for summary judgment must produce at least enough admissible evidence to make a prima facie case in support of her [position]." *Jane W. v. President and Dirs. of Georgetown College,* 863 A.2d 821, 826 (D.C.2004) (internal citations omitted). We review orders denying motions for reconsideration under an abuse of discretion standard. *Forgotson v. Shea,* 491 A.2d 523, 528 (D.C.1985).

## III. Analysis

Our Super. Ct. Civ. R. 56—which is identical to FED. R. CIV. P. 56, *see Occidental Realty Co. v. General Ins. Co.,* 301 A.2d 66 n. 1 (D.C.1973)—reflects a longstanding practice in virtually every jurisdiction in the country. Where the moving party supports the motion for summary judgment with affidavits, sworn or certified copies of documents, answers to interrogatories, deposition responses or other evidence submitted under oath, the opposing party may not rely on general pleadings or a denial, but rather must respond similarly by setting forth specific, material facts under oath which raise genuine issues of fact for trial. Super. Ct. Civ. R. 56(e); *New 3145 Deauville, L.L.C. v. First Am. Title Ins. Co.,* 881 A.2d 624, 627–28 (D.C.2005); *Teru Chang v. Inst. for Public–Private P'ships, Inc.,* 846 A.2d 318, 323–324 (D.C.2004). While appellant's principal contention on appeal, as in the trial court, is that the dismissal of all counts of the complaint was entered without an opportunity for her to refute the movant's claims, we observe that appellant did not comply with the provisions of the rule when the motion was filed, and thus contributed to the circumstances about which she now complains. Thus, when appellees moved for reconsideration of the initial denial of their motion for summary judgment, the record did not contain a proffer of facts from appellant to refute appellees' material assertions of fact. Nevertheless, critical to our decision is that appellees, in their motion for reconsideration, modified their request for relief by moving for judgment only on the defamation count of the complaint, thereby changing the procedural posture of the case.

In these circumstances, as we explain below, the trial court's change of mind and decision to grant summary judgment on *all* counts without giving appellant an opportunity to oppose that intended course violated basic precepts of notice embodied in Super. Ct. Civ. R. 56(c).

■ Preliminarily, we observe that no such claim of denial of notice can be made with respect to the dismissal of the count alleging defamation. Appellees renewed their motion for summary judgment on that count, giving appellant full notice and an opportunity to oppose the motion. Further, we conclude that appellant failed to demonstrate genuine issues of fact which would warrant trial on the defamation claim. In order to establish defamation, it is necessary to prove, among other elements, that the tortfeasor published the statement without privilege to a third party. *Carter v. Hahn,* 821 A.2d 890, 893 (D.C.2003). Here, appellant did not proffer any facts showing that appellee Grotta published his statements to third parties. As the trial judge indicated in his order granting appellees' renewed motion, the four individuals to whom the statements had allegedly been published each denied having overheard the statements. Appellant's response to appellees' motion for reconsideration included two email mes-

sages from appellant to appellee, ostensibly intended to show publication of the defamatory language. However, neither those emails nor any of appellant's other factual submissions show that Grotta communicated the defamatory language to any third person. As appellant failed to refute appellees' factual assertion that the alleged defamatory statements were ever published to a third party, the denial of her motion for reconsideration on this count was proper.

We view differently the grant of summary judgment on the remaining counts, as to which appellees had not sought reconsideration of the initial denial of summary judgment. In practical effect, appellees filed a new motion for summary judgment after their original one was denied, arguing only that the defamation claim failed as a matter of law. (Even in their original motion, as mentioned earlier, they had not sought summary judgment on the claim of assault and battery.) In these circumstances, before the trial court could fairly exceed the requested relief and grant summary judgment *en toto*, appellant was entitled to prior notice and an opportunity to oppose that course of action. Indeed, Super. Ct. Civ. R. 56(c) contemplates such a process. "While district courts possess the authority to enter summary judgment against a party *sua sponte*, . . . that authority may only be exercised 'so long as the losing party was on notice that she had to come forward with all her evidence.'" *Athridge v. Rivas*, 329 U.S.App. D.C. 394, 398, 141 F.3d 357, 361 (1998) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Similarly, treatise writers and case decisions have articulated this procedural protection. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCE-DURE § 2719 (1998); *see also Scottish Air Int'l v. British Caledonian Group, PLC*, 945 F.2d 53, 55 (2d Cir.1991); *United States Dev. Corp. v. Peoples Fed. Sav. & Loan Ass'n*, 873 F.2d 731, 735 (4th Cir.1989); *Powell v. United States*, 849 F.2d 1576 n. 8 (5th Cir.1988). Appellant was denied that protection when the trial court, acting in effect on its own motion, granted relief well beyond that requested by appellees in their motion for reconsideration.

Appellees argue that even after the trial court had ruled, appellant failed to proffer evidence sufficient to create triable issues of fact on any count (save perhaps assault and battery), and that this explains the trial court's later refusal to reconsider the grant of summary judgment on all counts. In our view, however, the opportunity required by Rule 56(c) was for appellant to proffer her evidence before the court granted summary judgment, not after. A trial court may make full use of summary disposition where appropriate, so long as it can "ensure that the targeted party has an adequate opportunity to dodge the bullet." *Berkovitz v. Home Box Office*, 89 F.3d 24, 29 (1st Cir.1996). Before the trial court expanded the relief appellees had requested to include summary judgment on all the counts, appellant was entitled to the opportunity "to come forward with all her evidence" showing triable issues of fact on any or all of them. *Celotex Corp., supra*. She received that opportunity only with respect to her claim of defamation.

The judgment appealed from is affirmed on the defamation count and reversed as to the remainder of the counts. The case is remanded for further proceedings consistent herewith.

*So ordered.*