**EMBASSY OF PAKISTAN,**
**IIS, Appellant,**

v.

**LENKIN COMPANY MANAGEMENT,**
**Appellee.**

**No. 08–CV–1541.**

District of Columbia ·Court of Appeals.

Argued Dec. 4, 2009.
Decided June 3, 2010.

Saeid B. Amini, Cleveland, OH, for appellant.

Jack C. Sando, Bethesda, MD, for appellee.

Before RUIZ, Associate Judge, and NEBEKER and SCHWELB, Senior Judges.

NEBEKER, Senior Judge:

Appellant, the Embassy of Pakistan, Iranian Interest Section ("IIS") appeals from a grant of summary judgment in favor of appellee Lenkin Company Management ("Lenkin"), arguing that it was not afforded the ten-day notice period required under Super. Ct. Civ. R. 56(c). We agree, and reverse the trial court's decision, and remand for further proceedings consistent with this opinion.

## I.

On January 20, 1983, IIS entered into an agreement to lease office space at 2201 Wisconsin Avenue, N.W., Washington, D.C. ("1983 Lease"), from Lenkin. The monthly rental payment for the space was determined by multiplying the square footage of the space, specified in the 1983 Lease as 15,614 square feet, by an agreed upon price per square foot. An undated letter, purporting to be an addendum to the 1983 Lease and signed by both parties, obligated Lenkin to adjust the monthly rental payment if an architect retained by IIS calculated the office space, in accordance with the Washington Board of Realtor's method of measurement, and determined it to be less than the measurement set forth in the 1983 Lease. IIS never exercised its option to measure the space and proceeded under the 1983 Lease with the measurement provided by Lenkin.

The parties signed a new lease for the space in 1988 ("1988 Lease"), and negotiated an extension of that lease in 1998. On April 25, 2005, the parties extended the 1988 Lease again ("2005 Extension"), with revisions, binding the parties until April 30, 2015. The 1988 Lease and the extensions based the rent calculation on the square footage of the space specified in the 1983 Lease—15,614 square feet.

While renovating the leased space in 2005, IIS measured the space and claimed that it was approximately 2,550 square feet less than the 15,614 measurement on which its monthly rental payment was based. In May 2007, after negotiations with Lenkin had failed, IIS withheld the portion of its monthly rental payment corresponding to the difference in square footage and deposited it into an escrow account. On July 13, 2007, Lenkin filed an eviction action against IIS in the Superior Court, Landlord–Tenant Branch. IIS counterclaimed, seeking declaratory judg-

ment and claiming wrongful eviction, conversion, breach of contract and promissory estoppel, unjust enrichment, intentional misrepresentation and fraud, and negligent misrepresentation. Lenkin filed a motion to dismiss the counterclaims on August 30, 2007, which the trial court denied on January 28, 2008.

On April 10, 2008, Lenkin renewed its motion to dismiss. The case was scheduled for a jury trial on June 30, 2008, but before empaneling a jury on that date, the trial court heard arguments from the parties on the renewed motion to dismiss. After hearing extensive arguments from the parties and proffers of the evidence, the trial court *sua sponte* converted the motion to dismiss into a motion for summary judgment, granted summary judgment in favor of Lenkin on all counts, and granted judgment for possession to Lenkin. The court premised its ruling on the fact that IIS's estimate of the square footage was not based on a measurement in accordance with the Washington Board of Realtor's method. IIS filed a motion for reconsideration on July 3, 2008, and it was denied on November 14, 2008. The trial court issued an amended order on November 19, 2008. IIS appeals.

## II.

■ IIS argues that when the court converted Lenkin's motion to dismiss into a motion for summary judgment, it failed to give IIS the mandatory ten-day notice required under Super. Ct. Civ. R. 56(c). We agree. Rule 56(c) states that a motion for summary judgment "shall be served at least 10 days before the time fixed for the hearing." When a trial court *sua sponte* grants summary judgment to a party, as the court did in this case, the non-moving party is similarly "entitled to prior notice and an opportunity to oppose that course of action." *Tobin v. John Grotta Co.,* 886

A.2d 87, 91 (D.C.2005). We have explained that

> [t]his ten-day notice provision is not an unimportant technicality, but safeguards the substantial interests of litigants. An opposition to a summary judgment motion often requires extensive preparation of both legal and factual arguments as well as affidavits, and the results of failing to win on an opposition to a motion for summary judgment are drastic. This ten-day notice provision is needed to assure that the summary judgment process is fair. Therefore, the ten-day notice provision is mandatory, not discretionary, and trial judges are obliged to enforce the provision strictly unless it is waived.

*Tompkins v. Washington Hosp. Ctr.,* 433 A.2d 1093, 1099 (D.C.1981) (citations omitted).

■ The trial court erred by failing to comply with Rule 56(c), depriving IIS of its mandatory procedural protection. *See Tobin, supra,* 886 A.2d at 91 ("Appellant was denied that protection when the trial court, acting in effect on its own motion, granted relief well beyond that requested by appellees[.]"). Although the court may have ultimately granted summary judgment to Lenkin on all counts after giving IIS the opportunity to respond, the ten-day notice period was not waived by IIS and was therefore required. "This case demonstrates once again that the shortest way around is often the longest way through." *Martin v. United States,* 606 A.2d 120, 131–32 (D.C.1991) (quoting *Burns v. Thiokol Chem. Corp.,* 483 F.2d 300, 302 (5th Cir.1973)).

## III.

IIS also argues that the court committed a number of substantive errors in ruling on the motion for summary judgment. We need not reach these issues, as the proce-

dural error is dispositive. We note, however, that this case involves a number of interrelated issues that should be addressed on remand, including the validity of the 1983 letter addendum and the effect of IIS's failure to exercise the measurement option in that addendum on the current lease, namely the 2005 Extension.[1] In addition, the court should note that its conclusion as to the effect of the 1983 Lease and the 2005 Extension on the parties' dispute is not necessarily dispositive of IIS's non-contractual claims of unjust enrichment, fraud and intentional misrepresentation, and negligent misrepresentation.

Accordingly, we reverse the grant of summary judgment and remand the matter to the trial court for such further proceedings as are deemed appropriate.

*So ordered.*

---

1. The option for IIS to measure the office space and adjust the final measurement for rental payment purposes is embodied in an undated letter purporting to amend the 1983 Lease. The record reveals that Section 4 of the 1983 Lease originally stated that the Landlord would perform a final space measurement and adjust the monthly rental rate accordingly. This portion of Section 4 is crossed out, and initialed by "A.S." and "E.L.L." without a date. In addition, the undated letter providing IIS with the option to measure the space includes crossed out text and additional text typed in a different font that appears to have been added after the original writing, also initialed by "A.S." and "E.L.L."