**UNITED STATES of America, Appellee,**

v.

**Anthony SALERNO and Vincent Cafaro, Defendants-Appellants.**

Nos. 1386, 1387, Dockets
86–1197, 86–1198.

United States Court of Appeals,
Second Circuit.

Submitted Aug. 21, 1987.

Decided Sept. 23, 1987.

Anthony M. Cardinale, Boston, Mass., submitted a letter for defendants-appellants.

John H. Jacobs, New York City, submitted a letter for defendant-appellant Salerno.

Rudolph W. Giuliani, U.S. Atty., Aaron R. Marcu, Deputy Chief Appellate Atty., New York City, submitted a letter for appellee.

Before FEINBERG, Chief Judge, and NEWMAN and KEARSE, Circuit Judges.

PER CURIAM:

These appeals of orders detaining appellants are before the Court on remand from the Supreme Court. The appeals challenged on various grounds orders of pretrial detention without bail. By a divided vote the panel vacated the detention orders and remanded for the setting of conditions of bail. *United States v. Salerno*, 794 F.2d 64 (2d Cir.1986). The mandate was stayed pending review by the Supreme Court. The majority ruled that the Bail Reform Act of 1984, 18 U.S.C. §§ 3141–3156 (Supp.II 1984) facially violated the substantive due process component of the Fifth Amendment to the extent that it authorized pretrial detention without bail on grounds of dangerousness to the community. The Supreme Court reversed, upholding the constitutionality of the Act against

---

facial challenges that the Act violated the substantive and procedural components of the Due Process Clause of the Fifth Amendment and the Excessive Bail Clause of the Eighth Amendment. *United States v. Salerno,* — U.S. —, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). The mandate of the Supreme Court remanded the cause to this Court "for further proceedings in conformity with the opinion of [the Supreme] Court."

We invited the views of the parties with respect to an appropriate disposition. Appellants' counsel suggests that the appeals should be dismissed as moot. New counsel for Salerno, noting that his client's detention order has at all times remained in effect and that Salerno has since been convicted and sentenced in another case, suggests that "no further proceedings are necessary." The Government suggests that the matter be remanded to the District Court for further proceedings consistent with the Supreme Court's decision.

In the Supreme Court, the mootness contention was urged in the dissenting opinion of Justice Marshall, 107 S.Ct. at 2106–07, *see also* dissenting opinion of Justice Stevens, *id.* at 2113, but was rejected by the Court, explicitly as to Salerno, *id.* at 2100 n. 2, and implicitly as to Cafaro. Since neither appellant has advanced any basis for disturbing the detention orders now that the matter is again before us, we believe the appropriate course is simply to affirm.

Accordingly, the orders of the District Court are affirmed.

JON O. NEWMAN, Circuit Judge, concurring:

Since neither appellant is now presenting us with any basis for challenging the pretrial detention orders, I agree that the appropriate disposition of this appeal is to affirm the orders. I note, however, that neither the Supreme Court decision, upholding the constitutionality of preventive detention for dangerousness against certain facial challenges, *United States v. Salerno,* — U.S. —, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987), nor our affirmance of the detention orders puts to rest all doubts concerning the constitutionality of the Bail Reform Act of 1984, 18 U.S.C. §§ 3141–3156 (Supp.II 1984). For example, a substantial remaining issue is whether the Act may be constitutionally applied in circumstances where the evidence of the defendant's guilt meets only the standard of probable cause but not a higher standard, such as clear and convincing evidence. Since the probable cause standard was fashioned to assess the lawfulness of the action of a police officer making the sometimes instantaneous decision whether grounds exist to arrest, it is a fair question whether that standard is constitutionally adequate for the more intrusive decision to detain a defendant until trial without bail for what may be an extended period of time. *See* Alschuler, *Preventive Pretrial Detention and the Failure of Interest-Balancing Approaches to Due Process,* 85 Mich.L.Rev. 510 (1986).