**UNITED STATES of America**

**v.**

**Emanuele ADAMITA, et al., Defendants.**

**No. SS 88 Cr. 217 (JES).**

United States District Court, S.D. New York.

Dec. 14, 1988.

Lawrence S. Leibowitz, General Counsel, Cowen & Co., New York City.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

The Court is faced with the issue of whether an employer can be required to pay an alternate juror while she serves in that capacity during the course of this trial. The employer has indicated to the Court that it will not pay the juror. The juror has indicated to the Court that since she provides the sole support for her children, it would constitute an extreme hardship for her to serve if she were not paid her full salary during the pendency of the trial. For the reasons set forth below, the Court finds that it has the power to order the employer to pay this juror, and that on the facts on this case such an order is justified.

## FACTS

During the voir dire of the jury the Court requested each juror on an individual basis to advise the Court as to whether he or she would incur any extreme hardship in serving on a case that might last several months. Each juror was told that if such a

---

hardship was employment related, the employer was to personally contact the Court during the week of jury selection. In the case of this juror, the issue of extreme hardship was not brought to the Court's attention until after the jury was selected. Therefore, the Court felt it necessary to conduct a further inquiry into whether the employer's posture with respect to the juror's salary constituted an unwarranted interference with the trial of this case. On November 22, 1988, the Court held a full hearing in the presence of counsel, and took testimony which has been incorporated into the record. Based upon the testimony elicited at that hearing the Court makes the following findings of fact:

1. That it is the custom and practice, and has been the custom and practice of this employer, Cowen & Co., to pay its employees while they serve as jurors;

2. That during the first week of the voir dire selection process the alternate juror in this case communicated to her employer, Cowen & Co., that she was being considered to serve on a trial that would last in excess of two weeks;

3. That her supervisor, Mr. Edward Byrne, who was acting as an agent for the employer, never advised her that she would not be paid for service on a jury that extended beyond the two week term;

4. That, as Mr. Byrne testified, he felt no need to advise her otherwise because it did not occur to him that she would not be paid for her jury service;

5. That it was not until the following week when Mr. Pinto, a partner in the firm, was made aware that the juror would be serving for a protracted period of time that Mr. Byrne was directed to inform the juror that she would not be paid;

6. That the employer has no pre-existing written policy contained in an employee handbook or the like which denominates clearly to a juror, or to agents of the employer, that jurors will not be paid for services in excess of a two week period;

7. That it appears clear and it is undisputed that this is the first situation in which this employer has been asked to deal with a jury service that went beyond a two week period; and

8. That, as the employer has indicated, its reason for refusing to pay the employee is not based upon any economic hardship to the employer.

## DISCUSSION

As the aforesaid facts demonstrate, the Court is here presented with the following situation. Either an alternate juror who has been selected by the parties must be discharged or go without pay, or the employer must be required to pay her during her period of service. Two significant problems are made apparent by the first alternative. Discharging a juror in a protracted trial creates the risk of a mistrial should the need to excuse other jurors arise. Likewise, the economic strain created by forcing the juror to serve without benefit of pay from her employer could impair the right of all parties to a fair trial.

On the other hand, the second alternative minimizes the possibility of a mistrial or an unfair trial by placing the burden on the employer to pay the juror during the period of her service. While it is true that the effect of the Court's ruling would be to constrain the employer to pay this juror for a protracted period of time, no claim of financial hardship has been asserted by the employer and even that rather minimal financial loss to the employer will be offset by the jury per diem allowance. Furthermore, the juror is only required to sit three days a week. Thus, she will be available for work two days a week, further alleviating the employer's hardship.

Given the consequences of each alternative, the Court concludes that the interests of justice require it to place the burden of the juror's service upon the employer. It is the employer who has had the practice of paying jurors in the past; it is the employer's representative who failed to timely advise the juror that she would not be paid; it is the employer who has had no policy in the past which dictates that a juror cannot be paid for protracted jury service; and it is the employer who is seeking to deviate

from its pre-existing policy based upon the anticipated length of the trial.

For the foregoing reasons and in the interest of justice, the Court concludes that to permit the employer to deviate from its previous policy now, after the juror has been selected, would constitute an interference with the service of this juror and the conduct of this trial. This interference may be properly dealt with pursuant to the Court's power to protect a juror's employment under 28 U.S.C. § 1875 (1982).[1] There can be little question that the infliction of economic hardship upon a juror after she has been selected and in deviation from her employer's previously established policy has a tendency to coerce and intimidate the juror as was made evident by the juror's emotional reaction to the employer's decision. In addition, the Court has the power under the All Writs Act, 28 U.S.C. § 1651 (1982) to issue all writs and orders necessary and appropriate to preserve the Court's jurisdiction.[2]

Based upon the foregoing, it is hereby

ORDERED that the employer, Cowen & Co., is hereby enjoined from refusing to pay the alternate juror's full salary during the length of this trial; and it is further

ORDERED that the employer is directed to pay the employee the differential between her per diem jury allowance and her salary dating from the time when the employer ceased paying her her full salary; and it is further

ORDERED that the employer is enjoined from taking any action with respect to the employment of this juror which results, in whole or in part, directly or indirectly, from her service as a juror; and it is further

ORDERED that the Court will retain jurisdiction over this case in the event the employee suffers any retaliation or employment action as a consequence of her jury

service, and the Court reserves the right to conduct a full inquiry into that matter.

It is SO ORDERED.

---

1. 28 U.S.C. § 1875(a) states, in relevant part, that: "No employer shall ... intimidate, or coerce any permanent employee by reason of such employee's jury service, or the attendance or scheduled attendance in connection with such service, in any court of the United States."

2. *See e.g., United States v. New York Telephone Co.,* 434 U.S. 159, 174, 98 S.Ct. 364, 373, 54 L.Ed.2d 376 (1977) ("The power conferred by the Act extends under appropriate circumstances, to persons who, though not parties to the original action ... are in a position to frustrate ... the proper administration of justice, ... and encompasses even those who have not taken any affirmative action to hinder justice.")