Joseph P. HAYDEN, Petitioner,

v.

John P. KEANE, Supt. of Woodbourne Correctional Facility, the United States Parole Commission, and the Attorney General of the United States, Respondents.

No. 00 CIV. 9509(SAS).

United States District Court, S.D. New York.

June 25, 2001.

J. Jeffrey Weisenfeld, New York, NY, for petitioner.

Elizabeth Wolstein, Assist. U.S. Atty., New York, NY, for respondents.

## OPINION AND ORDER

SCHEINDLIN, District Judge.

In his petition seeking release from custody pursuant to 28 U.S.C. § 2241, Joseph Hayden ("petitioner") alleges that a five-month delay in issuing a parole violation warrant was impermissible under 18 U.S.C. § 4213(b). According to petitioner, this delay invalidated the warrant thereby preventing a toll of his federal sentence which expired while he was serving an unrelated state sentence. Petitioner seeks bail pending the Court's determination of his petition. Although the parole violation warrant was untimely, any harm resulting from its early issuance was harmless. Hayden's petition is therefore denied.

## I. BACKGROUND

### A. The Proceedings Below

On December 2, 1977, petitioner was convicted of conspiracy to violate the federal narcotics laws in violation of 21 U.S.C. § 846. *See Hayden v. United States*, 814 F.2d 888, 890 (2d Cir.1987). Petitioner was sentenced to fifteen years in custody and "special life parole." [1] *See id.* Petitioner's conviction was affirmed on appeal. *See United States v. Barnes*, 604 F.2d 121, 164 (2d Cir.1979). On August 5, 1986, after serving eight and a half years in custody, petitioner was mandatorily released on parole.[2] *See* Declaration of Elizabeth Wolstein, Assistant United States Attorney ("Wolstein Decl."), Ex. C (Certif-

---

1. Petitioner's special life parole was vacated on December 4, 1980, in light of *Bifulco v. United States*, 447 U.S. 381, 400, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980) (holding that special life parole may not be imposed for a drug conspiracy conviction, only for a sub-

stantive drug offense conviction). *See* June 13, 2001 letter from Assistant United States Attorney Elizabeth Wolstein.

2. Parole has since been abolished in the federal system. *See* Parole Commission Phase-

icate of Mandatory Release). Petitioner was to remain subject to the enumerated conditions of release until April 29, 1992, the maximum term of his sentence less 180 days. *See id.*

On August 25, 1987, New York City detectives arrested petitioner for fatally stabbing a New York City Department of Sanitation worker. *See id.* Ex. D at 1 (August 31, 1987 letter from United States Probation Officer Joseph P. Veltre to Daniel R. Lopez, Commissioner, United States Parole Commission). Hayden was indicted for second degree murder on September 1, 1987. *See* Affidavit in Support of 28 U.S.C. § 2241 and Motion for Injunction, F.R.C.P. Rule 65(a) ¶ 10. He remained in state custody without bail. *See* Wolstein Decl. Ex D. at 1. Petitioner was arraigned in New York State Supreme Court on September 14, 1987, at which time no bail application was made. *See id.* Ex. E at 1 (September 16, 1987 letter from Joseph P. Veltre to Daniel R. Lopez). In that letter, Probation Officer Veltre recommended against issuing a parole violation warrant, stating:

> At this juncture, we can certainly charge Hayden with violating his Conditions of Mandatory Release.... This would mean, in essence, that should he make bail in the future, the Assistant District Attorney would have to turn over to us all evidence and arrange to have at our disposal all witnesses whom she would call at trial, something [she] is not prepared to do. As such, perhaps it is best that we do not go forward with violation action at this point. Rather, we will wait until final disposition status or move to initiate warrant issuance should the situation merit it.

*Id.* at 1–2.

Petitioner remained in state custody pending a bail hearing scheduled for January 25, 1988. *See id.* Ex. F (1/22/1988 Internal Memorandum from Kathleen A. Pinner, United States Parole Commission, to Joseph Veltre). On January 22, 1988, Officer Veltre, upon learning of the January 25, 1988 bail hearing, verbally requested that a parole violation warrant be issued as soon as possible. *See id.* Ex. G (January 25, 1988 letter from Joseph P. Veltre to Daniel R. Lopez). The Parole Commission issued a parole violation warrant on January 22, 1988. *See id.* Ex. G (Warrant). On February 22, 1988, upon his conviction, the warrant was lodged as a detainer so that petitioner would be returned to federal custody after completing his state sentence. *See* Petitioner's Memorandum of Law in Support of His Petition for a Writ of Habeas Corpus ("Pet.Mem.") Ex. A (United States Marshals Service Detainer).

Petitioner was convicted of first degree manslaughter on February 22, 1988 and on April 15, 1988, he was sentenced to 10 to 20 years in state prison. *See* Wolstein Decl. Ex. I (June 29, 1988 letter from Joseph P. Veltre to Daniel R. Lopez). After that, no action was taken by the Parole Commission for approximately ten years until petitioner contacted the Bureau of Prisons seeking a review of the federal detainer. *See* Pet. Mem. Ex. F (January 7, 1998 letter from Joseph Hayden to Calvin R. Edwards, Director, Bureau of Prisons). The Parole Commission sent Hayden the necessary paperwork for a dispositional review of the detainer. *See* Wolstein Decl. Ex. J (December 4, 1998 letter from Sylvia B. Hall, Case Analyst, U.S. Parole Commission to Warden, Woodbourne Correctional Facility). Petitioner submitted the appropriate paperwork on February 15, 1999. *See id.* Ex.

out Act of 1996, Pub.L. 104–232, § 4, Oct. 2, 1996, 110 Stat. 3056.

K (February 15, 1999 letter from Joseph Hayden to Sylvia B. Hall). The Commission reviewed the matter and, on March 2, 1999, ordered the detainer to stand, a decision which was not appealable. *See* Pet. Mem. Ex. G (Notice of Action).

Hayden filed the instant petition on December 14, 2000, six days before his release from state custody on December 20, 2000. On that day, Hayden entered federal custody pursuant to the detainer. After several adjournments, Hayden's parole revocation hearing is now scheduled for June 26, 2001. *See* June 1, 2001 letter from Elizabeth Wolstein.

### B. Procedural Irregularities

This case is replete with procedural irregularities. For example, the instant detainer was lodged before Hayden was sentenced on the subsequent state offense, in direct contravention of then applicable law.[3] *See* 18 U.S.C. § 4214(b)(1) ("In cases in which a parolee has been convicted of such an offense *and is serving a new sentence* in an institution, a parole revocation warrant or summons issued pursuant to section 4213 may be placed against him as a detainer.") (emphasis added).[4] Moreover, that detainer was not reviewed until March of 1999. Under the law, the detainer "shall be reviewed by the Commission within one hundred and eighty days of notification of the Commission of placement." 18 U.S.C. § 4214(b)(1). *See also* 28 C.F.R. § 2.47(a)(2) (a parole violation warrant placed as a detainer shall be reviewed by the Regional Commissioner within 180 days following notification to

the Parole Commission of such placement). According to Assistant United States Attorney Elizabeth Wolstein, the U.S. Marshals failed to notify the Parole Commission of the placement of the detainer. *See* Transcript of June 12, 2001 Conference ("Tr.") at 8–9. The detainer eventually was reviewed, however, at petitioner's request.

Of even greater import is the timing of the issuance of the parole violation warrant. Section 4213(b) provides:

> Any summons or warrant issued under this section shall be issued by the Commission as soon as practicable after discovery of the alleged violation, except when delay is deemed necessary. Imprisonment in an institution shall not be deemed grounds for delay of such issuance, except that, in the case of any parolee charged with a criminal offense, issuance of a summons or warrant may be suspended pending disposition of the charge.

18 U.S.C. § 4213(b). Here, there was an approximate five-month delay between the time of petitioner's state arrest and the issuance of the warrant. Petitioner asserts that the delay here was impermissible, while the Government contends that the delay fell within the Parole Board's broad discretion.

■ Finally, there are issues regarding the parole revocation hearing and the sentence to be imposed. Section 4214(c) provides that a parole violator who is retaken because of a subsequently committed criminal offense "shall receive a revocation

---

3.  18 U.S.C. §§ 4201 to 4218 have been repealed but remain in effect for 15 years as to any individual who committed an offense before November 1, 1997.

4.  Federal regulations have since been amended to provide the Parole Commission with the option of issuing a parole violation warrant

and placing it as a detainer against a parolee who has been charged with a subsequent criminal offense and is awaiting disposition of the charge. *See* 28 C.F.R. § 2.44(b). The effective date of the amendment is April 20, 1989. *See* 54 FR 11687 (Final Rule of Parole Commission).

hearing within ninety days of the date of retaking." 18 U.S.C. § 4214(c). Here, petitioner was retaken into federal custody on December 20, 2000 but a hearing examiner was not sent until April 4, 2001, more than ninety days later. *See* Tr. at 6. Because petitioner was not ready to proceed at that time, *see* Tr. at 7, the parole violation hearing was adjourned until June 26, 2001. *See* Tr. at 6. With regard to the sentence to be imposed, the Parole Commission shall determine "whether all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence imposed for the new offense..." 18 U.S.C. § 4210(b)(2). At first blush, it would seem that this possibility has been foreclosed as the custody portion of petitioner's state sentence has already expired. However, the Parole Commission has the authority to retroactively grant the equivalent of concurrent sentences thereby making any delay in this regard harmless. *See Moody v. Daggett,* 429 U.S. 78, 87, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (deferral of the parole revocation decision until execution of the parole violation warrant does not deprive petitioner of the opportunity to serve any sentence imposed for the parole violation concurrently with the sentences imposed for the crimes committed while on parole).

## II. LEGAL STANDARD

Relief under 28 U.S.C. § 2241 is appropriate if a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Garlotte v. Fordice,* 515 U.S. 39, 40, 115 S.Ct. 1948, 132 L.Ed.2d 36 (1995). The question raised in this petition is whether the parole violation warrant was validly issued by the Parole Commission.

■ Parole Commission decisions are entitled to significant deference as federal court review of Parole Commission decisions is extremely limited. *See Bialkin v. Baer,* 719 F.2d 590, 593 (2d Cir.1983). "The appropriate standard for review of the [C]ommission's decisions is whether there has been an abuse of discretion." *Id.* Therefore, "a court may not substitute its own judgment for that of the commission,..., but may consider only whether there is a rational basis for the commission's decision." *Id.* However, courts need not be so deferential when the issue is one of statutory interpretation. Such issues raise matters of law which courts are well-equipped to decide. *See Troia v. Wiggin,* 705 F.Supp. 1014, 1019 (S.D.N.Y.1989).

## III. DISCUSSION

### A. The Warrant was Untimely

■ Petitioner claims that the five-month delay between his state arrest (August 25, 1987) and the issuance of the parole violation warrant (January 22, 1988) was statutorily impermissible and that such delay effectively nullified the warrant. The Government contends that the delay fell within the Parole Board's broad discretion as it was necessary "to avoid interfering with the state's prosecution of petitioner."[5] Government's Memorandum of Law

---

5. Whether this proffered reason was one contemplated by the drafters of the legislation is debatable. The legislative history indicates that the necessary delay clause found in section 4213(b) was inserted to provide the Commission with discretion over when to commence revocation proceedings when a parolee commits multiple parole violations.

*See* H.R.Conf.Rep. No. 94–838, 94th Cong., 2d Sess. 33–34, *reprinted in,* 1976 U.S.Code Cong. & Admin. News 335, 366 ("The phrase 'except when delay is necessary' in subsection (b) of this section recognizes that the decision as to when the revocation process should be initiated is committed to the Commission's discretion. It is the intent of

in Opposition to the Petition for a Writ of Habeas Corpus and Application for Bail ("Gov't Mem.") at 11. It is difficult to comprehend how issuing the warrant in January of 1988 interfered any less with the state prosecution than if the warrant had been issued in September of 1987. Indeed, the timing of the warrant interfered with the state process even more because it prevented the state from making its own bail determination.[6]

■ The more credible reason, and a reason conceded by the Government, is that the warrant was issued to prevent Hayden from being released on bail by the state court. *See* Gov't Mem. at 12 ("Once the possibility of his release from pre-trial detention became imminent in January 1988, however, the Commission determined that to ensure public safety, petitioner should remain in custody."). However, the setting of bail in state cases is a function that has traditionally been reserved to the states. *See Finetti v. Harris,* 609 F.2d 594, 600 (2d Cir.1979); *United States ex rel. Diller v. Greco,* 426 F.Supp. 375, 377–78 (S.D.N.Y.1977) ("It is uncontested that federal habeas corpus is a proper remedy by which to seek relief from an unconstitutional state custody imposed pursuant to the arbitrary denial of bail. However, this jurisdiction gives us no license to substitute our judicial judgment and discretion for that of the state court."). To permit a federal agency to nullify the bail decisions of a state court by issuing a parole violation warrant on the eve of a bail hearing would undermine state autonomy. Principles of federalism counsel against such a result. *See Printz*

*v. United States,* 521 U.S. 898, 919–20, 117 S.Ct. 2365, 138 L.Ed.2d 914 (1997); *New York v. United States,* 505 U.S. 144, 182–83, 112 S.Ct. 2408, 120 L.Ed.2d 120 (1992).

In addition to federalism concerns, the Parole Commission exceeded its statutory authority in issuing the warrant when it did. *See Troia v. Wiggin,* 705 F.Supp. 1014 (S.D.N.Y.1989). There, this Court held that section 4213(b) "presents to the parole authorities a clear choice: (1) they *shall* issue the summons or warrant as soon as practicable or (2) they may exercise their discretion not to issue the summons or warrant pending the disposition of criminal charges." *Id.* (emphasis in original). Here, the parole authorities chose to do neither.

■ A federal parole violation warrant should not be used to usurp the function of the state courts in determining whether to release pre-trial parolees.

In sum, once the parole authorities have exercised their discretion not to issue the warrant as soon as practicable, a parole revocation warrant cannot thereafter be used as [a] substitute for a detention order. In this case, no one does or can seriously contend that the warrant was lodged as soon as practicable. Indeed it was lodged almost nine months after petitioner was arrested on the charge giving rise to the parole violation, and for the specific purpose of ensuring petitioner's continued incarceration in the face of an expressed judicial inclination to vacate a detention order. Therefore, on the facts of this case what

---

the Conferees that it shall not be a defense to a revocation that previous parole violations were either ignored or not acted upon.").

6. Timing a warrant to preclude release on bail also contradicts the Conferees' intent "that the Commission should minimize the

disruption of the parolee's life in any revocation proceeding." *Id.* Had the Commission let the state proceedings run their course before interfering, a less disruptive result could have been achieved.

the parole authorities have done is foreclosed by section 4213(b).

*Id.* at 1017–18.

While *Troia* appears to be the only factually similar case interpreting section 4213(b), its logic is compelling. The Government has not effectively distinguished *Troia*, nor has it cited contrary case law. *See* Tr. at 13. In fact, the only valid reason posited by the Government for the delayed issuance of the warrant is the Commission's substantial interest in ensuring that the public is protected from further criminal acts that may be committed by the parolee. *See* Gov't Mem. at 12 (citing *Birzon v. King*, 469 F.2d 1241, 1243 (2d Cir.1972)). This interest cannot override that of the state court in making its own bail decisions. Accordingly, because the Parole Commission had no discretion to issue the instant warrant before disposition of the state charges, the warrant was untimely. *See Troia*, 705 F.Supp. at 1019.

### C. The Appropriate Remedy

In *Heath v. United States Parole Comm'n*, 788 F.2d 85, 88 (2d Cir.1986), a detainer was lodged against the defendant on July 28, 1981, following his arrest on state charges on June 24, 1981, and prior to his April 5, 1982 conviction on those charges. Defendant was sentenced on June 1, 1982. *See id.* at 87. The defendant filed a habeas petition on July 25, 1983, asserting that the Parole Commission had not provided a timely revocation hearing. *See Heath*, 788 F.2d at 87. On August 29, 1983, the Commission conducted a dispositional revocation hearing, let the detainer stand, and thereafter revoked defendant's parole. *See id.*

The Second Circuit found the Commission to be in technical violation of its procedural time limits, stating,

> since the Commission lacks statutory or regulatory authority to lodge detainers prior to conviction, appellant may have been entitled to a probable cause hearing on the warrant and a revocation hearing contemporaneously or within 60 days if the detainer was lodged against him prior to conviction, as he asserts. Moreover, if the detainer was lodged more than 180 days before dispositional review, the review was untimely under 28 C.F.R. § 2.47(a)(2).

*Id.* at 89.

Despite the untimely dispositional review, the court held that, absent prejudice or bad faith on the Commission's part, the appropriate remedy was a writ of mandamus to compel compliance with the statute. *See id.* Not finding any prejudicial delay or bad faith, the court held that the defendant already received all of relief he was entitled to when the dispositional revocation hearing was held. *See id.* at 90.

The *Heath* court was very careful to consider prejudice or bad faith when determining the appropriate remedy. *See id.* at 89–90. The court provided a string citation of cases where courts have "predicated habeas relief upon a showing of prejudice or bad faith." *Id.* at 89 (citations omitted). "[T]he remedy which Congress contemplated for the Commission's failure to comply with statutory time limits was not release from confinement but a writ of mandamus to compel compliance." *Id.*

■ The harmless error type of analysis found in *Heath* is equally applicable here. If the Parole Commission had not issued the warrant when it did, it would surely have done so upon petitioner's state conviction. The warrant would have issued and a detainer would have been lodged and petitioner would have found himself in the same position he is in now. Accordingly, any error caused by the early issuance of

the warrant was harmless.[7] Petitioner's continuing federal detention is thus not unconstitutional, nor is it in violation of any federal law.

In addition, petitioner has not shown the type of prejudice that would warrant habeas relief. While petitioner surely had a liberty interest in being possibly released on bail, any harm he suffered in being denied that interest can be redressed by way of a *Bivens* action. The remedy here is not to release petitioner from custody. Nor has petitioner shown any bad faith on the part of the Parole Commission. The Parole Commission's interest in not jeopardizing the public welfare is undeniable. *See* 18 U.S.C. § 4206. The fact that the Parole Commission may have overstepped its bounds in attempting to protect that welfare is not evidence of bad faith. Without a showing of prejudice or bad faith, habeas relief is simply not warranted. *See Heath,* 788 F.2d at 89.

## V. CONCLUSION

For the foregoing reasons, Hayden's petition for a writ of habeas corpus is denied. The Clerk of the Court is directed to close this case.

SO ORDERED.

---

7. The untimely review of the detainer was also harmless error given the nature of petitioner's violation. Because petitioner killed a person while on federal parole, review of the detainer was largely a formality as his return to federal custody was inevitable. Furthermore, petitioner's parole revocation hearing was scheduled for April 4, 2001 but was adjourned until June 26, 2001 at petitioner's request. Admittedly, the April 4 date was approximately two weeks after the statutorily imposed ninety-day period. As petitioner was not ready to proceed on April 4, however, it can be presumed that he would not have been ready if the revocation hearing had been held any earlier. Accordingly, petitioner cannot complain of a delay that accommodated, rather than hindered, his ability to present mitigating evidence.