Joseph HAYDEN, Petitioner–Appellant,

v.

John P. KEANE, Superintendent of Woodbourne Correctional Facility, The United States Parole Commission, and The Attorney General of the United States, Respondents–Appellees.

Docket No. 01–2458.

United States Court of Appeals, Second Circuit.

March 29, 2002.

J. Jeffrey Weisenfeld, New York, NY, for the Appellant.

Elizabeth Wolstein, Assistant United States Attorney, Southern District of New York; Neil M. Corwin, Assistant United States Attorney, Southern District of New York, on the brief, for the Appellees.

Present FEINBERG, STRAUB, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

Petitioner Joseph Hayden appeals from an opinion and order of the United States District Court for the Southern District of

New York (Shira A. Scheindlin, *Judge*) denying his petition for a writ of habeas corpus.

In December 1977, Hayden was convicted of conspiring to violate federal drug laws and thereafter sentenced to a federal prison term of fifteen years. This Court affirmed Hayden's conviction in *United States v. Barnes,* 604 F.2d 121 (2d Cir. 1979). On August 5, 1986, after serving nearly nine years of his sentence, Hayden was mandatorily released but remained subject to the jurisdiction of the United States Parole Commission ("the Commission") until April 29, 1992, the maximum term of his sentence less 180 days. A condition of his parole was that he not violate any laws.

On August 25, 1987, Manhattan homicide detectives arrested Hayden for the fatal stabbing of a New York City sanitation worker. Hayden was charged under New York law with murder and criminal possession of a knife, and held in state custody without bail pending trial.

The United States Probation Officer supervising Hayden's federal parole, Joseph P. Veltre, notified the Commission of Hayden's state arrest on August 31, 1987. Officer Veltre later informed the Commission that Hayden "continues to remain in [New York State] custody," that "bail has yet to be set," and that "[n]o bail application was made but one might ... during Hayden's next scheduled Court appearance." Letter from Veltre to the Commission of 9/16/87, at 1. Officer Veltre recommended that the Commission not yet issue a parole violation warrant because doing so:

> would mean, in essence, that should [Hayden] make bail in the future, the Assistant District Attorney in that Court would have to turn over to us all evidence and arrange to have at our disposal all witnesses whom she would call at trial, something [the] Assistant District

Attorney ... is not prepared to do. As such, perhaps it is best that we do not go forward with violation action at this point. Rather, we will wait until final disposition status or move to initiate warrant issuance should the situation merit it.

*Id.* at 1–2.

On January 22, 1988, Officer Veltre learned that Hayden had applied for bail in the state criminal proceedings and that a bail hearing had been scheduled for January 25. Concerned that Hayden's bail application might be granted by the state court, Officer Veltre immediately requested that the Commission issue a parole violation warrant and that the warrant be filed as a detainer with the state authorities. The Commission agreed and, on January 22, it issued a warrant alleging Hayden had violated the conditions of his federal parole by committing second-degree murder ("the Warrant"). As a result of the Warrant, federal marshals would have been empowered to assume custody of Hayden in the event that the state court granted his bail application. That eventuality never arose, however, as Hayden apparently withdrew his bail application. Hayden Aff. in Supp. of 28 U.S.C. § 2241 Petition at 3, ¶ 19.

Hayden was ultimately convicted of second-degree manslaughter on February 22, 1988, and received a prison sentence for a term of between ten and twenty years. On the same day of March his state conviction, the Commission lodged the Warrant as a detainer, thereby ensuring Hayden's return to federal custody at whatever future date he was released by the state. Hayden was paroled from state custody on December 20, 2000.

On December 14, 2000, faced with his imminent return to federal prison by virtue of the detainer, Hayden filed the in-

stant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Therein, Hayden sought release from the jurisdiction of the Commission and the United States Attorney General on the grounds that the Warrant, having been improperly issued by the Commission, was a nullity that could not have tolled the original expiration date of his underlying federal sentence: April 29, 1992.

The District Court, in an opinion and order dated June 25, 2001, denied the petition. *See Hayden v. Keane*, 154 F.Supp.2d 610 (S.D.N.Y.2001). Although Judge Scheindlin found that the warrant was indeed "untimely" in the sense that the Commission "had no discretion to issue the instant warrant before disposition of the state charges" on February 22, 1988, she ultimately concluded that "any error caused by the early issuance of the warrant was harmless" as there was no "showing of prejudice or bad faith." *Id.* at 616–17. This timely appeal followed.[1]

This Court reviews *de novo* a district court's denial of a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See Kuhali v. Reno*, 266 F.3d 93, 99 (2d Cir.2001); *Nieblas v. Smith*, 204 F.3d 29, 31 (2d Cir.1999).

The timing of the Commission's parole violation warrants is governed by statute:

Any summons or warrant issued under this section shall be issued by the Commission as soon as practicable after discovery of the alleged violation, except when delay is deemed necessary. Imprisonment in an institution shall not be deemed grounds for delay of such issuance, except that, in the case of any parolee charged with a criminal offense, issuance of a summons or warrant may be suspended pending disposition of the charge.

18 U.S.C. § 4213(b).[2]

The District Court, citing *Troia v. Wiggin*, 705 F.Supp. 1014 (S.D.N.Y.1989), determined that § 4213(b) " 'presents to the parole authorities a clear choice: (1) they *shall* issue the summons or warrant as soon as practicable or (2) they may exercise their discretion not to issue the summons or warrant pending the disposition of criminal charges.' " 154 F.Supp.2d at 615 (quoting *Troia*, 705 F.Supp. at 1017) (emphasis in original). Because the Commission issued Hayden's warrant neither "as soon as practicable" nor after his state manslaughter conviction, the District Court regarded the Warrant as untimely. *Id.* at 616. Nevertheless, the District Court denied Hayden's petition on the grounds that, since there was no bad faith

1. Hayden was returned to federal custody on December 20, 2000, the same day that he was paroled from state prison on the manslaughter conviction. He remained in federal custody during the pendency of the petition before the District Court and until after the filing of this appeal on July 23, 2001.

On December 17, 2001, however, Hayden was released from federal prison to a term of federal parole that expires on March 12, 2007. Prior to oral argument, the parties were ordered by this Court to provide additional briefing as to whether Hayden's current lack of incarceration renders this appeal moot. Petitioner and respondents agree that Hayden's change in status from that of inmate to that of parolee does not moot this appeal.

We agree. *See Jones v. Cunningham*, 371 U.S. 236, 243, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963) ("While petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom; this is enough to keep him in the 'custody' of the members of the [state] Parole Board within the meaning of the habeas corpus statute....").

2. As a result of the abolishment of parole in the federal system, 18 U.S.C. §§ 4201–4218 have been repealed. These statutes, however, remain in effect for 15 years as to any individual who committed a federal offense prior to November 1, 1997.

by the Commission or any resulting prejudice to Hayden, the untimeliness of the Warrant was harmless error. *Id.* at 617.

Respondents argue on appeal that we may affirm the denial of Hayden's petition by adopting their reading of § 4213(b). They submit that the statute grants significant discretion to the Commission as to the timing of its warrants, even including the ability to issue warrants before disposition of a parolee's pending state charge. In respondents' view, support for this flexible interpretation can be found in the plain text of § 4213(b) and in regulations issued thereunder by the Commission subsequent to *Troia.* *See* 28 C.F.R. § 2.44(b) (2000); 54 Fed.Reg. 11687, 1989 WL 277409 (Mar. 21, 1989). The Warrant was thus timely and for this reason, suggest respondents, the District Court's denial of Hayden's petition should be affirmed.

■ We need not now decide, however, the proper meaning of § 4213(b). Even assuming that the Warrant was untimely,[3] we would under either reading of the statute agree with the District Court that the analysis of *Heath v. United States Parole Comm'n,* 788 F.2d 85 (2d Cir.1986), provides for the application of harmless error review in this specific circumstance—i.e., when the Commission issues an untimely parole violation warrant against a parolee who, at the time of the warrant's issuance, is awaiting disposition of a pending criminal offense.

Applying harmless error review, we agree with the District Court that Hayden suffered no prejudice as a result of the Warrant being issued on January 22, 1998. Even if the Commission had not issued or had been precluded from issuing the Warrant on January 22, it retained the statutory authority—under both parties' reading of § 4213(b)—to re-issue the Warrant immediately upon Hayden's state conviction just one month later on February 22. In this latter scenario, Hayden's federal parole would still have been revoked and he would still have lost credit for all of the previous time he had spent on parole. *See* 18 U.S.C. § 4210(b)(2); 28 C.F.R. § 2.52(c)(2).[4]

■ We further agree that there existed no bad faith on the part of the Commission in its decision to issue the Warrant on January 22, 1998. The Commission was simply acting upon Officer Veltre's conclusion, based on his experience generally and with Hayden's case in particular, that Hayden's release from custody posed a threat to the community. Protecting the public welfare from potentially dangerous parolees is a statutory duty of the Commission. *See* 18 U.S.C. § 4206(d).

We therefore AFFIRM the judgment of the District Court.

3. In addition to basing its finding of untimeliness on *Troia's* reading of 18 U.S.C. § 4213, the District Court held in the alternative that "principles of federalism" did not "permit a federal agency to nullify the bail decisions of a state court by issuing a parole violation warrant on the eve of a bail hearing." 154 F.Supp.2d at 615. For purposes of affirming the denial of Hayden's petition, we assume that the Warrant was untimely without adopting either of the District Court's bases for untimeliness.

4. Additionally, Hayden contends that he was prejudiced by the issuance of the Warrant in the sense that it deprived him of his opportunity to be released on bail by the state court. The record indicates, however, that Hayden on his own accord withdrew his bail application.